IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| CHARLES TALBERT | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | |
| PENNSYLVANIA DEPARTMENT OF EDUCATION | : | NO. 15-5491 |
| | : | |

MEMORANDUM

STENGEL, J.                                                                              NOVEMBER 9, 2015

Plaintiff Charles Talbert, a prisoner incarcerated at the Philadelphia Detention Center, brings this action against the Pennsylvania Department of Education, pursuant to 42 U.S.C. § 1983. He seeks leave to proceed *in forma pauperis*. The Court will grant plaintiff leave to proceed *in forma pauperis* and dismiss his complaint as legally frivolous, pursuant to 28 U.S.C. § 1915(e)(2)(B)(i).

Plaintiff alleges that, in 2000, he completed a sufficient number of credits with the Southwest Secure Treatment School to graduate from high school. In 2015, plaintiff contacted an employee of the Pennsylvania Department of Education about receiving his high school diploma and was informed that he was not eligible for a high school diploma. Accordingly, he initiated this action against the Pennsylvania Department of Education, pursuant to § 1983, claiming a violation of due process and seeking injunctive relief.

Plaintiff's motion to proceed *in forma pauperis* is granted because it appears that he is not capable of paying the fees necessary to commence this civil action. Accordingly, 28 U.S.C. § 1915(e)(2)(B)(i) requires the Court to dismiss the complaint if it is frivolous. A complaint is frivolous if it "lacks an arguable basis either in law or in fact," *Neitzke v. Williams*, 490 U.S. 319, 325 (1989), and is legally baseless if it is "based on an indisputably meritless legal theory."

ENTERED

NOV 10 2015

CLERK OF COURT

1

*Deutsch v. United States*, 67 F.3d 1080, 1085 (3d Cir. 1995). As plaintiff is proceeding *pro se*, the Court construes his allegations liberally. *Higgs v. Att'y Gen.*, 655 F.3d 333, 339 (3d Cir. 2011).

"Section 1983 provides a federal forum to remedy many deprivations of civil liberties, but it does not provide a federal forum for litigants who seek a remedy against a State for alleged deprivations of civil liberties" because the Eleventh Amendment entitles states to immunity from suit in federal court. *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 66 (1989). As the Pennsylvania Department of Education shares in the Commonwealth's Eleventh Amendment immunity, and as the Commonwealth has not waived that immunity for purposes of § 1983, there is no legal basis for plaintiff's lawsuit against the Pennsylvania Department of Education.[1] See 71 Pa. Cons. Stat. § 61. Accordingly, there is no legal basis for plaintiff's complaint. *See Crisdon v. N.J. Dep't of Educ.*, D.N.J. Civ. A. No. 10-2911 (Document No. 20). As plaintiff cannot cure the deficiency in his claims against the Pennsylvania Department of Education, he will not be given leave to file an amended complaint.

For the foregoing reasons, the Court will dismiss plaintiff's complaint. The Court will also deny plaintiff's motion for a preliminary injunction. An appropriate order follows, which shall be docketed separately.

---

[1] An exception to this principle exists to allow a plaintiff seeking prospective injunctive relief for violations of federal law to pursue his claims in federal court against state officials. *See Ex Parte Young*, 209 U.S. 123 (1908). However, *Ex Parte Young* does not authorize suits against the state itself. *See Puerto Rico Aqueduct & Sewer Auth. v. Metcalf & Eddy, Inc.*, 506 U.S. 139, 146 (1993) (*Ex Parte Young* exception does not apply to states or their agencies, which retain their immunity "regardless of the relief sought"). Accordingly, it does not provide a legal basis for the instant lawsuit. The Court's dismissal of this case does not preclude plaintiff from initiating a new lawsuit against an appropriate state official, in the event there is an appropriate basis for such a lawsuit.